## APPEAL OF FIRST NATIONAL BANK.

Docket No. 1326. Submitted May 13, 1925. Decided September 30, 1925.

*Charles H. Preston, C. P. A.*, for the taxpayer.
*A. Calder Mackay, Esq.*, for the Commissioner.

### Before GRAUPNER, TRAMMELL, and PHILLIPS.

This appeal involves a net deficiency in income and profits taxes for the years 1918, 1919, 1920, and 1921 in the amount of $345.16. It

is based upon the disallowance by the Commissioner of deductions claimed by the taxpayer in those years on account of exhaustion, wear and tear of certain depreciable assets, on the ground that if adequate deduction had been taken in prior years such assets would have been written off the books; and, second, upon the reduction by the Commissioner of the earned surplus of the taxpayer for the taxable years involved, on the ground that it had not taken adequate deductions in prior years on account of the exhaustion, wear and tear of its assets.

There was no evidence introduced except the revenue agent's report relating to 1917 and prior years and the deficiency letter, with a statement showing adjustments made by the Commissioner for the years involved, which were offered by the taxpayer, from which the Board makes the following

### FINDINGS OF FACT.

The taxpayer is a national bank located at Thompson, Iowa. During the years involved it owned buildings, furniture, and fixtures. The furniture and fixtures account on the books was reduced to $3,500 in 1903. The account was again reduced by $1,500 on the books in 1910, leaving the account on the books at $2,000. Except for the above years, no deductions were taken on account of the exhaustion, wear and tear of these assets. On the basis of a 10-year life, the furniture and fixtures originally acquired would have been exhausted and the capital invested therein returned prior to 1917.

It acquired equipment in 1909 which it charged to expense; the amount thereof was subsequently charged to capital account.

The taxpayer had a building which cost it $9,000 in 1897 and on which it took deduction on account of exhaustion, wear and tear in 1910 in the amount of $2,000, but did not take deductions on that account in any other year prior to 1917. The Commissioner determined that 2½ per cent was a reasonable rate of depreciation on this property. There was no evidence as to the cost of the furniture or fixtures or that any part of those originally acquired were in existence during the taxable years involved or that the deductions made by the Commissioner were not reasonable.

The Commissioner reduced the earned surplus at the end of 1916 by the amount of $7,642.17 on account of charging off depreciation in prior years on the buildings, furniture, and fixtures.

### DECISION.

The determination of the Commissioner is approved.

ARUNDELL not participating.